**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division**

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 13 |
| | ) | |
| DAVID ANTHONY DERBY, | ) | Case No. 17-34385-KLP |
| | ) | |
| Debtor. | ) | |
| | ) | |
| DAVID ANTHONY DERBY, | ) | |
| on behalf of himself and all others | ) | |
| Similarly situated, | ) | Adv. Proc. No. |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| PORTFOLIO RECOVERY ASSOCIATES, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**CLASS ACTION COMPLAINT**

COMES NOW the Plaintiff, DAVID ANTHONY DERBY, ("Plaintiff"), by counsel, and

for the Complaint against the Defendant alleges as follows:

## I.    PRELIMINARY STATEMENT

1.    This is an action for actual damages, statutory damages, costs, and attorney's fees

brought pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 ("FDCPA"), and

for appropriate relief under Federal Rule of Bankruptcy Procedure 3001. Plaintiff brings this

action individually and on behalf of all others similarly situated to recover damages and other

appropriate relief by reason of the Defendant's violations of the FDCPA and Federal Rule of

| | | |
|---|---|---|
| Emily Connor Kennedy (VSB #83889) | Dale W. Pittman (VSB #15673) | Thomas D. Domonoske (VSB # 35434) |
| Mark C. Leffler (VSB #40712) | THE LAW OFFICE OF DALE W. PITTMAN, P.C. | Elizabeth W. Hanes (VSB #75574) |
| Boleman Law Firm, P.C. | The Eliza Spotswood House | Consumer Litigation Associates. P.C. |
| 2104 W. Laburnum Ave., Suite 201 | 112-A West Tabb Street | 763 J. Clyde Morris Blvd., Suite 1A |
| Richmond, VA 23227 | Petersburg, VA 23803 | Newport News, VA 23601 |
| Telephone (804) 358-9900 | Telephone (804) 861-6000 | Telephone (540) 442-7706 |
| Counsel for Plaintiff | Counsel for Plaintiff | Counsel for Plaintiff |

Bankruptcy Procedure 3001. The violating actions addressed in this Complaint stem from Defendant's attempts to collect debts by filing a proof of claim in Plaintiff's Chapter 13 bankruptcy case that contained false statements, and its business practice of filing such claims without intending to ever provide the information required under a Rule 3001(c)(3)(B) request.

## II.    JURISDICTION

2.    This Court has jurisdiction pursuant to 28 U.S.C. §§ 151, 157(b), and 1334, 11 U.S.C. §§ 105 and 502, and Federal Rules of Bankruptcy Procedure 3001, 3007, and 7023 in that this action arises in and relates to the Chapter 13 bankruptcy case of Plaintiff.

3.    This proceeding is a core proceeding under 28 U.S.C. §157(b)(2)(A), (B), (C), and (O).  The claims in this case arise under 28 U.S.C. §§ 1331 and 1332, and 15 U.S.C. § 1692k(d).  To the extent that the Court finds any of Plaintiff's claims are non-core claims, Plaintiff consents to entry of final judgment on all claims presented in this matter by the Bankruptcy Court.

4.    Venue is proper pursuant to 28 U.S.C. §§ 1391(b)(2) and 1409. A substantial portion of the events giving rise to Plaintiff's claims occurred in this District, Plaintiff and other similarly situated debtors filed bankruptcy in this District, proofs of claims were filed by Defendant in this District, and Defendant transacts business in this District.

## III.    PARTIES

5.    Plaintiff is a natural person and an adult resident of this District. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6.    Defendant PORTFOLIO RECOVERY ASSOCIATES, LLC ("PRA") is a foreign limited liability company that is filing claims in the United States Bankruptcy Court for the Eastern District of Virginia.

2

7.      The principal purpose of PRA's business is collecting debts, including by filing claims in bankruptcy cases.

8.      PRA is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

### IV.      FACTUAL ALLEGATIONS

9.      Plaintiff filed for relief under Chapter 13 of Title 11 of the U.S. Code in the Bankruptcy Court for the Eastern District of Virginia.

10.      Plaintiff listed no debts to PRA on his Schedules filed as part of the bankruptcy.

11.      PRA filed a Proof of Claim for $788.53 ("Claim 13-1"). (Proof of Claim 13-1, attached as **Exhibit A**) based on a credit card debt bought from Capital One Bank (USA), N.A. ("Capital One").

12.      Claim 13-1 was an attempt to collect a debt.

13.      In his Schedules, Plaintiff did list a debt to Capital One for $679.00.

14.      In Box 7 of Claim 13-1, PRA stated no interest or other charges were included in the $788.53.

15.      The Account Summary attached as part of Claim 13-1 asserts that the last payment date was July 5, 2017, and the charge off date was September 30, 2017.

16.      Claim 13-1 is electronically signed by an employee of PRA and asserts under penalty of perjury that the information in Claim 13-1 has been examined and that, on behalf of PRA, she has a reasonable belief it is true.

17.      Like most credit card accounts, Plaintiff's credit card account with Capital One included interest on unpaid balances and fees for late payments.

18.      PRA knows that credit card accounts normally include interest on unpaid balances and fees for late payments.

19.     Capital One's standard credit card agreements are available online and its standard late fee exceeds $30.00 with payments due monthly.

20.     With almost sixty days between the disclosed date of last payment and the date of Plaintiff's bankruptcy filing, PRA should have known that at least one late payment fee would have been assessed to Plaintiff's Capital One account prior to his bankruptcy filing.

21.     Prior to filing Claim 13-1, PRA should have asked Capital One for the amount of interest and fees embedded in the claim amount.

22.     For Claim 13-1, PRA knew or should have known that the claim balance of $788.53 included some amount of either interest or fees or both.

23.     PRA had no reasonable belief in the truthfulness of its statement in Claim 13-1 that no interest or fees were included in the claim amount.

24.     In the Eastern District of Virginia, PRA's normal business practice has been to file Proofs of Claim for defaulted open-end credit asserting that no interest or fees are included in the claim amount.

25.     PRA's normal business practice was based on the claim that, because PRA added no interest or fees to the claim amount, then no interest or fees are included in claim amount.

26.     PRA continued in this practice despite this Court's 2016 ruling in *In re Maddux*, 567 B.R. 489 (Bankr. E.D. Va. 2016), explaining that such a practice violated Rule 3001.

27.     When PRA purchases a defaulted credit card account from a bank, it regularly obtains information from the bank about the amount of interest and fees included in the claim amount, and the principal balance included in the claim amount.

28.     One of the many ways that PRA can obtain such information from a bank is in a charge-off document that sets forth the amount of principal balance included in the claim amount.

29.     Although not from Capital One, attached is a charge-off document recently shared between a bank and PRA that states the amount of principal included in a defaulted credit card account. (Sample charge off document attached as Exhibit B).

30.     In the same way that PRA can easily obtain from a bank the amount of principal included in any claim amount, PRA can easily obtain from a bank the separate itemization of the amount of interest and the amount of fees included in any claim amount.

31.     To comply with the Truth in Lending Act, open-end creditors like Capital One must track interest on credit card accounts separately from fees assessed on the account.

32.     In addition to separately tracking the assessed interest from the assessed fees, the Truth in Lending Act requires such creditors to separately track the amount of interest that has been paid on the account.

33.     Because of these requirements, open-end creditors for credit card accounts have sophisticated operations that allow them to easily separate any default claim balance into three categories: principal, interest, and fees.

34.     As an open-end creditor, Capital One could easily itemize for any debt buyer of Plaintiff's account the amount of any interest included in the claim amount separate from the amount of fees included in the claim amount.

35.     Any debt buyer who is purchasing credit card accounts that are included in bankruptcy knows that, to collect on the claim, it needs to purchase the information and documents necessary to comply with Rule 3001's requirements regarding open-end credit.

36.	Any debt buyer who intends to comply with Rule 3001's requirements regarding open-end credit would ensure that it purchases the information and documents necessary to enable it to separately itemize the claim amount, and so that it can respond to a request for the writings underlying the claim amount.

37.	On April 10, 2018, Plaintiff filed an Objection to Claim No. 13-1 and Memorandum in Support ("Objection to Claim" attached as **Exhibit C**).

38.	In the Objection to Claim, Plaintiff requested the writings underlying the claim.

39.	PRA never provided Plaintiff the writings underlying the claim.

40.	The writings underlying the claim would show the amount of any interest or fees included in the claim amount.

41.	The writings underlying the claim would show whether Capital One assessed any interest or fees between the filing date of August 31, 2017, and the charge-off date of September 30, 2017.

42.	As part of its normal business practice in the Eastern District of Virginia, when PRA filed Claim 13-1, it never intended to provide the writings underlying the claim if they were requested by any interested party.

43.	PRA's business practice prevented any interested party from accessing the documents to determine the amount of interest and fees in the claim.

44.	PRA's business practice prevented any interested party from accessing the documents to determine whether interest and fees were assessed after the bankruptcy filing.

45.	In the Eastern District of Virginia, counsel for debtors have repeatedly requested that PRA provide the writings underlying claims based on credit card account claims.

46.	PRA has consistently failed to provide the writings after receiving those requests.

47.   PRA knows that providing these documents would show that it regularly states that no interest and fees are included in claims based on open-end credit even though the documents from the bank show that interest or fees are included in the claim.

48.   PRA knows that these documents are necessary to determine whether the creditor assessed interest or fees after the bankruptcy filing.

49.   PRA's business model of filing Proofs of Claim knowing that it will not provide the writings underlying the claim when requested is an intentional effort to receive payments through the bankruptcy system without ever intending to comply with the requirements of Rule 3001.

50.   PRA's plan of filing Proofs of Claim knowing that it will not provide the writings underlying the claim when requested is an intentional effort to receive payments through the bankruptcy system by knowingly filing Proofs of Claim containing false statements about the interest and fees embedded in the claim.

51.   PRA's business of model of filing Proofs of Claim knowing that it will not provide the writings underlying the claim when requested is an intentional effort to receive payments through the bankruptcy system while knowing that no interested party will receive proof of its wrongdoing.

52.   PRA's business of model of filing Proofs of Claim knowing that it will not provide the writings underlying the claim when requested is an intentional effort to receive payments through the bankruptcy system while knowing that no interested party will be able to determine whether interest or fees were added to the claim after the bankruptcy filing.

53.   PRA knew when it filed the Claim 13-1 that it contained false statements of material fact.

## V.   CLASS CERTIFICATION ALLEGATIONS

54.    Pursuant to Rules 23(a), (b)(3), (b)(2) and (c)(4) of the Federal Rules of Civil Procedure, Plaintiff brings this class action on behalf of himself and all others similarly situated. Specifically, Plaintiff seeks to represent the following persons ("the Class" or "Class Members"):

> All debtors in the Bankruptcy Court for the Eastern District of Virginia as to whom PRA filed a proof of claim for a credit card debt purchased from Capital One that was not scheduled as due to PRA, and where such proof of claim stated that no interest or fees were in the claim amount.

55.    Members of the above-defined Class can be easily identified through Defendant's records, and can also be identified through this Court's records.

### A.    Numerosity

56.    The proposed Class is so numerous that individual joinder of all Members is impracticable.

57.    The subject of this case involves hundreds of Class Members. While the identities of Class Members are unknown to Plaintiff at this time, such information can be readily ascertained through appropriate investigation and discovery. The disposition of the claims of the Class Members in a single action will provide substantial benefit to all parties and to the Court.

### B.    Predominance of Common Questions of Law and Fact

58.    Common questions of law and fact exist as to all Members of the Class and predominate over any questions affecting only individual Class Members. These common legal and factual questions include, but are not limited to, the following:

(a) Whether the proofs of claims are false;

(b) Whether the proofs of claims are fraudulent;

(c) Whether the proofs of claim violate Federal Rule of Bankruptcy Procedure 3001;

(d) Whether the Defendant violated the Fair Debt Collection Practices Act;

8

(e) Whether the Defendant engaged in unfair, deceptive, and unconscionable practices in connection with the proofs of claim;

(f) Whether, as a result of the Defendant's illegal activities, Plaintiff and Class Members have suffered damages and, if so, the appropriate amount of such damages;

(g) Whether, when Defendant filed the Proof of Claim, Defendant intended comply with a request for the writings upon which the claim was based;

(h) Whether, as a result of Defendant's activities, Plaintiff and Class Members are entitled to declaratory and injunctive relief, or other relief, and, if so, the nature of such relief;

(i)  Whether Defendant acted knowingly or willfully when it violated the law;

(j)  What appropriate remedy should be issued by the Court.

59.      Pursuant to Federal Rule of Civil Procedure 23(b)(2), as made applicable to this proceeding by Bankruptcy Rule of Civil Procedure 7023, the Defendant has acted or refused to act on grounds generally applicable to the Class, thereby making final injunctive or corresponding declaratory relief appropriate with respect to the Class as a whole. In particular, the Defendant has sought to collect upon debts by systematically filing proofs of claim with false information within this District when it knows its systemic process is not to comply with Rule 3001.

**C.      Typicality**

60.      Plaintiff's claims are typical of the claims of the Members of the Class. Plaintiff shares the aforementioned facts and legal claims or questions with Class Members, and Plaintiff and all Class Members have been similarly affected by Defendant's common course of conduct of filing false and fraudulent proofs of claim in this District.

**D.      Adequacy**

61.     Plaintiff will fairly and adequately represent and protect the interests of the Class. Plaintiff has retained counsel with substantial experience in handling bankruptcy matters as well as complex class action litigation, including complex questions that arise in this type of financial and consumer protection litigation.

62.     Plaintiff and Plaintiff's counsel are committed to the vigorous prosecution of this action. Plaintiff and Plaintiff's counsel will fairly and adequately protect the interests of the members of the Class. Neither Plaintiff nor Plaintiff's counsel have any interests which might cause them not to vigorously pursue this action.

**E.     Superiority**

63.     A class action is superior to other available methods for the fair and efficient adjudication of the present controversy for at least the following reasons:

(a) The claims presented in this case predominate over any questions of law or fact affecting individual Class Members;

(b) Individual joinder of all Class Members is impracticable;

(c) Absent a Class, Plaintiff and Class Members will continue to suffer harm as a result of Defendant's unlawful conduct;

(d) Given the amount of individual Class Members' claims, few, if any, Class Members could afford to, or would, seek legal redress for the wrongs Defendant committed against them, and absent Class Members have no substantial interest in individually controlling the prosecution of individual actions;

(e) Even if individual Class Members had the resources to pursue individual litigation, it would be unduly burdensome to the courts in which the individual litigation would proceed;

10

(f) Adjudications of individual Class Members' claims against Defendant would, as a practical matter, be dispositive of the interests of other Class Members who are not parties to the adjudication and may substantially impair or impede the ability of other Class Members to protect their interests; and,

(g) This action presents no difficulty that would impede its management by the Court as a class action, which is the best available means by which Plaintiff and Class Members can seek redress for the harm caused by Defendant.

### F.      Injunctive and Declaratory Relief

64.      Defendant knowingly filed proofs of claim that failed to comply with Bankruptcy Rule 3001, which resulted in uniform damage to Plaintiff and Class Members.  As a result, Defendant have acted or refused to act on grounds generally applicable to each Class Member, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.  Plaintiff and Class Members will continue to be subject to Defendant's conduct and have no adequate remedy at law to compel compliance with Bankruptcy Rule 3001 and to obtain the information to which they are entitled.  Pursuant to 28 U.S.C. § 2201, there is an actual justiciable controversy which is not speculative, and injunctive relief and corresponding declaratory judgment in the nature of requiring compliance or disallowing the claims is the appropriate mechanism for resolving the dispute.

65.      Because Plaintiff seeks injunctive and corresponding declaratory and equitable relief for the entire Class, the prosecution of separate actions by individual Class Members would create a risk of inconsistent or varying adjudications with respect to individual Class Members, which would establish incompatible standards of conduct for Defendant. Further,

11

bringing individual claims would overburden the courts and would be an inefficient method of resolving the dispute at the center of this litigation.

## VI.    CLASS CLAIMS

### COUNT I
### VIOLATIONS OF THE FDCPA – 15 U.S.C. § 1692, *et seq.*

66.    Plaintiff realleges and incorporates all of the preceding paragraphs as if fully set out herein.

67.    Defendant violated 15 U.S.C. § 1692e by using false, deceptive, and/or misleading representations or means in connection with collection of a debt, including but not limited to the false assertion that no interest or fees were included in the amount, and that Defendant had a reasonable belief in the accuracy of the information.

68.    Defendant violated 15 U.S.C. § 1692f by using unfair and unconscionable means to collect a debt, including but not limited to a standard practice of filing Proofs of Claim without intending to comply with Federal Rule of Bankruptcy Procedure 3001(c) and by not providing the writings underlying its Proofs of Claim.

69.    As a result of its violations of the FDCPA, Defendant is liable to Plaintiff and the putative Class Members for actual and statutory damages, plus costs and attorneys' fees.

### COUNT II
### VIOLATIONS OF FEDERAL RULE OF BANKRUPTCY PROCEDURE 3001

70.    Plaintiff realleges and incorporates all of the preceding paragraphs as if fully set out herein.

71.    Defendant violated Federal Rule of Bankruptcy Procedure 3001(a) by failing to file a proof of claim that conformed substantially to the Official Form because it failed to

12

accurately disclose the interest, fees, expenses, or charges that were included in the claim amount.

72. Defendant violated Federal Rule of Bankruptcy Procedure 3001(c)(2) by failing to file with Claim 13-1 an itemized statement of the interest, fees, expenses, or charges that were included in the claim amount.

73. Defendant violated Rule 3001(c)(3)(B) by not intending to provide the writing underlying Claim 13-1 upon request, and by not providing the writing underlying Claim 13-1 upon request.

74. As a result of its violations of Federal Rule of Bankruptcy Procedure 3001, Defendant should be subject to an appropriate remedy as determined by this Court including requiring it to pay Plaintiff's and the putative Class Members' costs and attorneys' fees.

75. Regarding the attorneys' fees, Plaintiff requests that fees be awarded under the lodestar method after submission to the Court of a written motion for such fees that includes declarations of counsel as to their hourly rates, and their time incurred in the case for the identification, investigation, and prosecution of the Rule 3001 claim, which will necessarily include the time which will be spent in the future responding to Defendant's arguments and obtaining the appropriate remedy.

76. Without the information required by Rule 3001(c), Plaintiff and the Class Members suffer irreparable injury of not having the information to readily analyze the claims by Defendant; the remedies at law are inadequate because of the inequality of information. Based on the knowing violations of the Rules and considering the balance of hardships, an injunction remedy in favor of Plaintiff and the Class is required. Such an injunction will serve the public

interest of putting all creditors on notice as to how they must comply with Bankruptcy Rule 3001.

## COUNT III
## REQUEST FOR RELIEF
## PURSUANT TO 11 U.S.C. § 105

77.    Plaintiff realleges and incorporates all of the preceding paragraphs in this complaint.

78.    Defendant knowingly filed a Proof of Claim that contains false statements, for an improper purpose, resulting in damage to Plaintiff and the Class. As a result, Defendant has acted or refused to act on grounds which make final injunctive relief or corresponding declaratory relief appropriate. Pursuant to 28 U.S.C. § 2201, there is an actual justiciable controversy which is not speculative, and a declaratory judgment is the appropriate mechanism for resolving the dispute.

79.    Pursuant to 11 U.S.C. § 105(a), "The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."

80.    "[Section] 105 may be used to sanction the filing of a proof of claim violative of the Bankruptcy Code and abusive of the bankruptcy process, that is, as the federal criminal code aptly describes, a claim that is false or fraudulent." *In re Varona*, 388 B.R. 705, 717 (Bankr. E.D.Va. 2008).

81.    Pursuant to Federal Rule of Bankruptcy Procedure 3001(a)(2), "A proof of claim shall conform substantially to the appropriate Official Form." That Official Form requires that claims be true and correct and filed under penalty of perjury.

82.    By stating in Claim 13-1 that no interest or fees were included, Defendant knowingly filed a Proof of Claim with false statements.

14

83.     By stating in Claim 13-1 that Defendant had a reasonable belief in the accuracy of the information, Defendant knowingly filed a Proof of Claim with false statements.

84.     Defendant's actions in filing the Proof of Claim were taken willfully in an effort to collect a debt it knew it was misrepresenting and for which it would provide documentation to support.

85.     Defendant's action is an abuse of the requirements of Rule 3001 and has the effect of hindering the efficient administration of Plaintiff's bankruptcy estate.

86.     Defendant's action is part of a systemic practice before this Court of violating Rule 3001 and filing claims that contain false information.

87.     Defendant's pattern of filing documents containing false claims throughout the Eastern District of Virginia is "violative of the Bankruptcy Code and abusive of the bankruptcy process" and is precisely the kind of misconduct against which *Varona* says the Court's § 105 powers may properly be employed.

88.     Therefore, the Court should impose appropriate sanctions and relief against Defendant under 11 U.S.C. § 105(a).

## VII.   <u>DEMAND FOR RELIEF</u>

Plaintiff therefore requests on behalf of Plaintiff and the proposed Class, the following relief:

(i)      An order certifying Class Members' FDCPA claims pursuant to Fed. R. Civ. P. 23(b)(3) and/or 23(b)(2), or certifying such issues as may be deemed appropriately treated on a class basis;

(ii)     An order certifying Class Members' Federal Rule of Bankruptcy Procedure 3001 claims pursuant to Fed. R. Civ. P. 23(b)(2), or certifying such issues as may be deemed appropriately treated on a class basis;

(iii)    An order certifying Class Members' 11 U.S.C. § 105(a) claims pursuant to Fed. R. Civ. P. 23(b)(2), or certifying such issues as may be deemed appropriately treated on a class basis;

(iv)     An order appointing named Plaintiff as representative of the Class and appointing undersigned counsel as Class counsel;

(v)      An award of actual and statutory damages as against Defendant under the FDCPA claims, in an amount to be proven at the time of trial;

(vi)     A Declaration that, as to Plaintiff and all Class Members, Defendant violated Federal Rule of Bankruptcy Procedure 3001(a) and 3001(c)(1), and an Order that disallows each individual claim, or other appropriate relief as determined by the Court for the violations of Federal Rule of Bankruptcy Procedure 3001;

(vii)    An award of attorneys' fees determined by the lodestar method;

(viii)   An award of litigation costs; and

(ix)     Such other declaratory or injunctive relief as the Court may deem fair and equitable.

16

Respectfully submitted,

**David Anthony Derby**
By Counsel


/s/ Mark C. Leffler_____
Mark C. Leffler (VSB #40712)
Boleman Law Firm, P.C.
P.O. Box 11588
Richmond, VA 23230
Telephone (804) 358-9900
Counsel for Debtor

Dale W. Pittman (VSB #15673)
THE LAW OFFICE OF DALE W. PITTMAN, P.C.
The Eliza Spotswood House
112-A West Tabb Street
Petersburg, VA 23803
Telephone (804) 861-6000
Counsel for Plaintiff

Thomas D. Domonoske (VSB #35434)
Consumer Litigation Associates, P.C.
763 J. Clyde Morris Blvd., Suite 1A
Newport News, VA  23601
Telephone (540) 442-7706
Counsel for Plaintiff

Elizabeth W. Hanes (VSB #75574)
Consumer Litigation Associates, P.C.
763 J. Clyde Morris Blvd., Suite 1A
Newport News, VA  23601
Telephone (757) 930-3660
Counsel for Plaintiff

17