## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF VIRGINIA
### Richmond Division

In re:

David Anthony Derby,                          Case No. 17-34385-KLP
                                              Chapter 13
        Debtor.

David Anthony Derby,

        Plaintiff,                 Adv. Proc. No. 18-03097-KLP

v.

Portfolio Recovery Associates, LLC,

        Defendant.

### <u>MEMORANDUM OPINION</u>

Debtor David Anthony Darby (the "Debtor") filed a class action

complaint[1] (the "Complaint") on behalf of himself and a putative class of

other debtors[2] against Defendant Portfolio Recovery Associates, LLC ("PRA").

PRA has moved, pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules

of Civil Procedure,[3] that the Complaint be dismissed with prejudice (the

"Motion to Dismiss" or "Motion").  The Complaint consists of three counts.  In

Count I, the Debtor alleges violations of the Fair Debt Collection Practices

---

[1] The Debtor seeks to represent all debtors in this District "as to whom PRA filed a
proof of claim for a credit card debt purchased from Capital One that was not
scheduled as due to PRA, and where such proof of claim stated that no interest or
fees were in the claim amount."  Complaint, Dkt. 1, ¶ 54.

[2] If necessary, the issue of class certification will be addressed at another time.

[3] Made applicable to this proceeding pursuant to Rule 7012 of the Federal Rules of
Bankruptcy Procedure, Fed. R. Bankr. P. 7012.

Act ("FDCPA"),[4] specifically 15 U.S.C. §§ 1692e and 1692f.  In Count II, the

Debtor seeks disallowance of PRA's claims, an award of attorney's fees, and

other relief for PRA's alleged violations of Rule 3001 of the Federal Rules of

Bankruptcy Procedure (the "Bankruptcy Rules").  In Count III, the Debtor

requests that the Court impose sanctions under § 105 of the Bankruptcy

Code[5] for PRA's alleged Rule 3001 violations.

PRA asserts that the Complaint's allegations, if true, would result in

only a procedural violation of Rule 3001 and that the remedies contained in

Rule 3001 are the sole and exclusive remedies available for that alleged

violation.  Accordingly, PRA contends that Count I should be dismissed for

failure to state a claim under the FDCPA upon which relief may be granted

and for lack of subject matter jurisdiction, Count II should be dismissed

because a violation of Rule 3001 does not create an independent cause of

action, and Count III should be dismissed due to the "lack of plausible

allegations of sanctionable conduct by PRA."[6]

## Factual Allegations

When considering a motion to dismiss under Rule 12, the Court must

assume that the facts alleged are true and take those facts in the light most

favorable to the plaintiff.  *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir.

---

[4] 15 U.S.C. §§ 1692-1692p.
[5] All subsequent references to the Bankruptcy Code are to 11 U.S.C. §§ 101-1532.
[6] Motion to Dismiss, Dkt. 7, ¶ 15.

2009);[7] *Eastern Shore Mkts, Inc. v. J.D. Assocs. Ltd. P'ship,* 213 F.3d 175, 180 (4th Cir. 2000).[8]  The following are the facts as alleged in the Complaint.

The Debtor filed for relief under chapter 13 of the Bankruptcy Code on August 31, 2017.  On his schedules, the Debtor did not list any debts to PRA and listed a $679.00 debt to Capital One.  PRA, a foreign limited liability company whose business is collecting debts, including filing claims in bankruptcy cases, filed a proof of claim in the Debtor's case in the amount of $788.53 ("Claim 13-1") based on a credit card debt it had purchased from Capital One Bank (USA), N.A. ("Capital One").

In Box 7 of Claim 13-1, PRA stated that no interest or other charges were included in its $788.53 claim.  An account summary attached as part of Claim 13-1 stated that the last payment date was July 5, 2017, and the charge off date was September 30, 2017.  The Debtor's credit card account with Capital One included interest on unpaid balances and fees for late payments.

---

[7] "A motion filed under Rule 12(b)(6) challenges the legal sufficiency of a complaint, considered with the assumption that the facts alleged are true." *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009) (citations omitted).

[8]    Because only the legal sufficiency of the complaint, and not the facts in support of it, are tested under a Rule 12(b)(6) motion, we assume the truth of all facts alleged in the complaint and the existence of any fact that can be proved, consistent with the complaint's allegations. While we must take the facts in the light most favorable to the plaintiff, we need not accept the legal conclusions drawn from the facts. Similarly, we need not accept as true unwarranted inferences, unreasonable conclusions, or arguments.

*Eastern Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship,* 213 F.3d 175, 180 (4th Cir. 2000) (citations omitted).

PRA knows that credit card accounts normally include interest on unpaid balances and fees for late payments.  Capital One's standard monthly late fee exceeds $30 and, with almost sixty days between the disclosed date of the last payment and the date of Debtor's bankruptcy filing, PRA should have known that at least one late payment would have been assessed to Debtor's Capital One account prior to his bankruptcy filing.  Because PRA knew or should have known that Claim 13-1's balance of $788.53 included some amount of either interest or fees or both, PRA had no reasonable belief in the truthfulness of its statement in Claim 13-1 that no interest or fees were included in the claim amount.

PRA's normal business practice in this District has been to file proofs of claim for defaulted open-end credit and assert that no interest or fees are included in the claim amount.  This is based on PRA's position that because it did not add any interest or fees to a claim after it purchased the claim, then no interest or fees comprise a portion of the claim.  PRA has continued this practice despite a ruling in this Court in 2016 that such a practice may violate Rule 3001.

When PRA purchases defaulted credit card accounts, it regularly obtains, or is able to obtain, information about the amount of interest and fees included in the claim amount.  As an open-end creditor, Capital One can itemize for PRA the amount of any interest included in Claim 13-1 and the separate amount of included fees.  As a debt buyer purchasing credit card

accounts that it intends to recover in bankruptcy, PRA should acquire such information and documents as necessary to enable it to comply with Rule 3001.

On April 10, 2018, the Debtor filed an objection to Claim 13-1 that included a request for the documents supporting the claim. PRA did not provide the documents requested and never intended to provide them. These documents would show the amount of interest and fees included in the claim and whether Capital One assessed any interest or fees between the bankruptcy filing date and the charge-off date.

PRA engages in a business practice that prevents interested parties from obtaining documents necessary to determine the amount of interest and fees included in its claims. PRA knows that providing these documents would reveal that it regularly files proofs of claim falsely stating that no interest or fees are included in the claims, and PRA has no intention of providing such documents when requested to do so. This is an intentional effort by PRA to receive payments through the bankruptcy system without complying with the requirements of Rule 3001.

PRA's filing proofs of claim knowing that it will not provide documents underlying the claims is an intentional effort to prevent parties from determining whether the claims include interest or fees added after the bankruptcy filing. PRA knew when it filed Claim 13-1 that it contained false statements of fact. The Debtor was damaged as a result of PRA's filing a

proof of claim that failed to comply with Rule 3001, having suffered the "irreparable injury of not having the information to readily analyze" PRA's claims.

In addition to the facts outlined above, the Debtor advances the legal conclusion that the Debtor is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA and that PRA is a "debt collector" as defined by 15 U.S.C. § 1692a(6). The validity of these assertions is not currently at issue, as PRA has not disputed them.

## **Jurisdiction and Venue**

The Court has jurisdiction over the Debtor's bankruptcy case and this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334 and the General Order of Reference from the United States District Court for the Eastern District of Virginia dated August 15, 1984. This adversary proceeding involves non-core matters as well as core proceedings under 28 U.S.C. § 157(b)(2)(A), (B), (C) and (O). The Debtor has consented to the entry of final judgment by the Bankruptcy Court. PRA has not challenged the Court's jurisdiction except with respect to Count I, which contains claims under the FDCPA as to which PRA has moved for dismissal under both Rule 12(b)(1) (lack of subject matter jurisdiction) and 12(b)(6) (failure to state a claim upon which relief can be granted). Venue is appropriate in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## Analysis

A motion under Rule 12(b)(6) challenges the legal sufficiency of a complaint and requires the plaintiff to allege a plausible claim for relief that is "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v Iqbal*, 556 U.S. 662, 678 (2009); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A complaint should be dismissed only when "no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).

### Count I-Violations of the FDCPA

The Debtor asserts in Count I that PRA violated § 1692e of the FDCPA "by using false, deceptive, and/or misleading representations or means in connection with collection of a debt, including but not limited to the false assertion that no interest or fees were included in the amount, and that [PRA] had a reasonable belief in the accuracy of the information."[9] The Debtor further asserts that PRA violated § 1692f of the FDCPA "by using unfair and unconscionable means to collect a debt, including but not limited to a standard practice of filing Proofs of Claim without intending to comply with Federal Rule of Bankruptcy Procedure 3001(c) and by not providing the writings underlying its Proofs of Claim."[10]

---

[9] Complaint, Dkt. 1, ¶ 67.
[10] *Id*. at ¶ 68.

PRA counters that Count I's allegations constitute, at best, only a procedural violation of Rule 3001, the exclusive remedies for which are those set forth in Rule 3001(c)(2)(D).  It argues that the "intended audience" of Claim 13-1 would not find it false, deceptive or misleading and further contends that the facts, as alleged, do not amount to a "material" violation of the FDCPA.  PRA also claims that the Debtor lacks constitutional standing to assert the FDCPA claims because the Complaint fails to allege any harm to the Debtor or his estate.

In examining an alleged violation of the FDCPA committed in connection with the filing of a proof of claim in a bankruptcy case, a reasonable starting point is the Supreme Court's opinion in *Midland Funding, LLC v. Johnson*, 137 S. Ct. 1407 (2017).  There, the Court held that the filing of an obviously time-barred proof of claim is not a false, deceptive, misleading, unfair, or unconscionable practice within the meaning of the FDCPA.  This decision was based primarily on two separate but related rationales – the Court's analysis of the broad definition of "claim" under the Bankruptcy Code and its recognition of the differences between the purposes and structural features of the Bankruptcy Code and the FDCPA.

In *Midland*, the Supreme Court found that the filing of a proof of claim that on its face indicated that the limitations period had expired met the Bankruptcy Code's definition of the term "claim" and was not false, deceptive, or misleading.  Recognizing that § 101(5)(A) of Bankruptcy Code defines

"claim" as a "right to payment,"[11] the Court declared that even an
unenforceable claim "is nonetheless a 'right to payment,' hence a 'claim,' as
the Code uses those terms." *Id*. at 1412.[12]

The debtor in *Midland* cited various provisions contained in the
Bankruptcy Code and the Federal Rules of Bankruptcy Procedure[13] in
support of her position that "claim" means an "enforceable claim," but the
Supreme Court found that the cited provisions "do not discuss the scope of
the term 'claim.' Rather, they restate the Bankruptcy Code's system for
determining whether a claim will be allowed." *Id*. The Court pointed out
that under §§ 502 and 558 of the Bankruptcy Code, the debtor was entitled to
object to allowance of the claim based upon the expiration of the limitations
period, noting that "[t]he law has long treated unenforceability of a claim
(due to the expiration of the limitations period) as an affirmative defense, and
there is nothing misleading or deceptive in the filing of a proof of claim that,
in effect, follows the Code's similar system." *Id*.

---

[11] *Midland Funding, LLC v. Johnson*, 137 S. Ct. 1407, 1411 (2017) (citing 11 U.S.C.
§ 101(5)(A)).

[12] The Court noted its prior statement in *Johnson v. Home State Bank*, 501 U.S. 78,
83 (1991) that "Congress intended … to adopt the broadest available definition of
'claim.'"

[13] In particular, the debtor cited Bankruptcy Code § 502(a)'s provision that a claim
will be allowed absent objection and Bankruptcy Rule 3001(f)'s provision that a
properly filed claim is prima facie evidence of the amount and validity of that claim.

Claim 13-1, similar to the claim at issue in *Midland*, is a "claim" under the bankruptcy system that, unless objected to, would be allowed.[14]  The Debtor has filed an objection to Claim 13-1,[15] and the Court may ultimately disallow it,[16] but, in keeping with the Supreme Court's analysis in *Midland*, it is nevertheless a "right to payment" and, thus, a "claim."[17]  The filing of

---

[14] 11 U.S.C. § 502(a) ("A claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest . . . objects.").  *See also* Fed. R. Bankr. P. 3001(f) ("A proof of claim executed and filed in accordance with these rules shall constitute prima facie evidence of the validity and amount of the claim.").

[15] *See* 17-34385-KLP, Dkt. 28; 18-03097-KLP, Dkt. 1, Ex. C.

[16] In chapter 7 and chapter 13 bankruptcy cases, an individual is appointed to serve as the trustee. 11 U.S.C. § 1302(a).  One of the responsibilities of the trustee is to examine proofs of claim and, when appropriate, file an objection. 11 U.S.C. §§ 704(a)(5), 1302(b)(1).  The trustee, if not the debtor, is aware that a creditor's right to payment may be subject to disallowance.  *See* 11 U.S.C. § 502(b)(1)-(9) (A claim may be disallowed if, for example, it "is unenforceable against the debtor . . . under any agreement or applicable law . . . or "is for unmatured interest." § 502(b)(1) and (3).)  If an objection to a claim is made, the court, after notice and a hearing, shall determine the amount of such claim . . . as of the date of the petition." 11 U.S.C.  § 502(b).

[17] *See also Travelers Cas. & Surety Co. of Am. v. Pac. Gas & Elec. Co.*, 549 U.S. 443, 445 (2007) ("[W]e generally presume that claims enforceable under applicable state law will be allowed in bankruptcy unless they are expressly disallowed.").  While the Complaint alleges that PRA's proof of claim stated that the claim includes no interest or other charges when it knew or should have known that the claim includes some amount of either interest or fees or both, it does not allege that Claim 13-1 would not be enforceable under state law.

Also, the Court notes that, as pointed out by PRA, some courts have found that at the time a debt is purchased, the entire amount due becomes principal to the purchaser.  *See, e.g., Gissendaner v. Credit Corp Sols., Inc.*, No. 18- CV-06313-EAW, 2019 WL 609559 (W.D.N.Y. Feb. 13, 2019) ("At the time Plaintiff's debt was charged off and acquired by Defendant, all past interest charged to his credit card account by [the previous owner] had become the principal balance to be paid to Defendant as his debt collector.").  This does not lead the Court to reconsider the ruling in *Maddux*, but it does support PRA's argument that its claim would be enforceable under state law.

The Fourth Circuit's recent decision in *SummitBridge Nat'l Invs. III, LLC v. Faison*, 915 F.3d 288 (4th Cir. 2019), strengthens the proposition that a "claim" includes post-petition costs, if bargained for in the pre-petition contract.  The court held that unsecured claims for post-petition attorneys' fees based on valid pre-petition contracts, if allowed under state law, fall within the scope of § 101(5)(A)'s

Claim 13-1 subjects it to the Bankruptcy Code's system for determining whether it will be allowed, but its mere filing does not violate the provisions of the FDCPA.

The second rationale applied by the Supreme Court in *Midland* – that the different purposes and structural features of the Bankruptcy Code and the FDCPA would be maintained and properly served if an improper claim filed in a bankruptcy case, as well as the creditor's related misconduct, were to be remedied solely under the Bankruptcy Code – also applies here. The alleged impropriety of which the Debtor complains is that in order to impede debtors from discovering the amount of interest and fees included in the claim, PRA willfully failed to comply with Bankruptcy Rule 3001 when it purposefully did not attach, or provide upon request, the writings underlying Claim 13-1.[18] These alleged improprieties are confined to PRA's failure to abide by the requirements of Rule 3001, which are unique to bankruptcy. The bankruptcy system, through the Bankruptcy Code and the Bankruptcy Rules, specifically establishes the consequences for these violations.

---

definition of "claim" and must be allowed under § 502 unless one of its enumerated exceptions applies. *Id.* at 296. The Debtor has not alleged that Claim 13-1 includes amounts that were not bargained for but rather that PRA mischaracterized components of the claim in violation of Bankruptcy Rule 3001(c).

[18] The Debtor alleges in Count I of the Complaint that PRA engaged in "an intentional effort to receive payments through the bankruptcy system without ever intending to comply with the requirements of Rule 3001" by "filing Proofs of Claim containing false statements about the interest and fees embedded in the claim." Dkt. 1, ¶¶ 49, 50. The substance of Count I is essentially that PRA intentionally failed to comply with the procedural requirements of Bankruptcy Rule 3001, Fed. R. Bankr. P. 3001.

Nonetheless, the Debtor seeks to have the alleged violation of Rule 3001 serve as the basis for liability under the FDCPA.

In *Midland*, when comparing the relative goals of the bankruptcy system and the FDCPA, the Supreme Court responded to the debtor's contention that the "assertion of an obviously time-barred claim is 'unfair' or 'unconscionable'" under the FDCPA by pointing out that "the context of a civil suit differs significantly from the present context, that of a Chapter 13 bankruptcy proceeding," in which "[t]he consumer initiates [the] proceeding," "is not likely to pay a stale claim," "[a] knowledgeable trustee is available" and "[p]rocedural bankruptcy rules more directly guide the evaluation of claims." *Id*. at 1413. Addressing the debtor's contention that Midland's buying stale claims cheaply and filing them in bankruptcy while hoping that careless trustees won't object to them is "sanctionable," the Court declined to find a violation of the FDCPA, stating that it was "not persuaded by these arguments," and declaring that "the protections available in a Chapter 13 bankruptcy proceeding minimize the risk to the debtor." *Id*. at 1414.

The logical conclusion is that the Supreme Court has determined that when a creditor's alleged misconduct involves the filing of a proof of claim in a bankruptcy case for a debt that would be enforceable under state law, the Bankruptcy Code and Rules provide the exclusive means for addressing the allowance of the claim and the creditor's misconduct. This comprehensive and structured system is uniquely designed to maintain the "delicate balance of a

debtor's protections and obligations." *Id*. at 1415 (quoting *Kokoszka v. Belford*, 417 U.S. 642, 651 (1974)).[19] For that reason, the FDCPA's protections are inapplicable.

The Supreme Court's ruling in *Midland* resolved a split among the circuit courts over the applicability of the FDCPA to the claims process in bankruptcy, tacitly approving previous Ninth Circuit[20] and Second Circuit[21]

---

[19] The improper acts attributed to PRA by the Debtor sufficiently parallel the creditor's actions in *Midland* and, thus, compel a similar analysis.

> [W]e do not find in either the Fair Debt Collection Practices Act or the Bankruptcy Code good reason to believe that Congress intended an ordinary civil court applying the Act to determine answers to these bankruptcy-related questions. The Act and the Code have different purposes and structural features. The Act seeks to help consumers, not necessarily by closing what Johnson and the United States characterize as a loophole in the Bankruptcy Code, but by preventing consumer bankruptcies in the first place. See, *e.g.,* 15 U.S.C. § 1692(a) (recognizing the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices [which] contribute to the number of personal bankruptcies"); see also § 1692(b) ("Existing laws and procedures ... are inadequate to protect consumers"); § 1692(e) (statute seeks to "eliminate abusive debt collection practices"). The Bankruptcy Code, by way of contrast, creates and maintains what we have called the "delicate balance of a debtor's protections and obligations." To find the Fair Debt Collection Practices Act applicable here would upset that "delicate balance." From a substantive perspective it would authorize a new significant bankruptcy-related remedy in the absence of language in the Code providing for it.

*Midland Funding, LLC v. Johnson*, 137 S. Ct. 1407, 1414–15 (2017) (internal citation omitted). As the Court will discuss i*nfra*, the remedies for PRA's alleged improprieties are embedded in the Bankruptcy Code and the Bankruptcy Rules. *See infra*, Part II.

[20] *Walls v. Wells Fargo Bank, N.A.*, 276 F.3d 502, 510 (9th Cir. 2002) ("While the FDCPA's purpose is to avoid bankruptcy, if bankruptcy nevertheless occurs, the debtor's protection and remedy remain under the Bankruptcy Code.").

[21] *Simmons v. Roundup Funding, LLC*, 622 F.3d 93 (2d Cir. 2010). The court further noted that "[s]ome courts have ruled more broadly that no FDCPA action can be based on an act that violates any provision of the Bankruptcy Code, because such violations are dealt with exclusively by the Bankruptcy Code. *See, e.g., Walls v. Wells Fargo Bank, N.A.*, 276 F.3d 502, 510 (9th Cir.2002); *Diamante v. Solomon & Solomon, P.C.*, 1:99–CV–1339, 2001 WL 1217226, at *6, 2001 U.S. Dist. LEXIS

precedent that limited the reach of the FDCPA.  In *Simmons v. Roundup Funding, LLC,* the Second Circuit had held that "[t]he FDCPA is designed to protect defenseless debtors and to give them remedies against abuse by creditors.  There is no need to protect debtors who are already under the protection of the bankruptcy court, and there is no need to supplement the remedies afforded by bankruptcy itself."  *Simmons v. Roundup Funding, LLC*, 622 F.3d 93, 96 (2d Cir. 2010).  In *Walls v. Wells Fargo Bank, N.A.*, 276 F.3d 502, 510 (9th Cir. 2002), the Ninth Circuit had held that "[w]hile the FDCPA's purpose is to avoid bankruptcy, if bankruptcy nevertheless occurs, the debtor's protection and remedy remain under the Bankruptcy Code."[22] The same rationale applies here.

The Fourth Circuit in *Dubois v. Atlas Acquisitions LLC (In re Dubois)*, 834 F.3d 522 (4th Cir. 2016), while stopping short of holding that the

---

14818, at *18 (N.D.N.Y. Sept. 18, 2001); *Kibler v. WFS Fin.*, CV–00–5217, 2000 WL 1470655, at *10, 2000 U.S. Dist. LEXIS 19131, at *33 (C.D. Cal. Sept. 12, 2000). This broader rule has not been universally accepted, *see Randolph v. IMBS, Inc.*, 368 F.3d 726, 732–33 (7th Cir.2004), and we are not compelled to consider it in this case." *Id*. at 96 n.2

[22] *See also Nelson v. Midland Credit Mgmt., Inc.,* 828 F.3d 749, 752 (8th Cir. 2016) ("This court rejects extending the FDCPA to time-barred proofs of claim."); *Owens v. LVNV Funding, LLC*, 832 F.3d 726 (7th Cir. 2016).  *See also In re Varona*, 388 B.R. 705, 720 (Bankr. E.D. Va. 2008) ("The FDCPA guards against collection practices waged directly against a potentially unknowledgeable consumer. In the bankruptcy process, frequently, as here, debtors are represented by knowing counsel with the system of court scrutiny available to review claims and protect the rights of parties, including the debtor.  As such, and as a number of courts have concluded in finding the FDCPA inapplicable to bankruptcy claims, there is no compulsion to invoke the principles of the FDCPA in the instant matter."); *B-Real, LLC v. Rogers*, 405 B.R. 428, 431 (M.D. La. 2009) ("It is difficult for this court to understand how a procedure outlined by the Bankruptcy Code could possibly form the basis of a violation under the FDCPA.").

Bankruptcy Code precludes an action under the FDCPA,[23] held that the

FDCPA had not been violated by a creditor who had filed a proof of claim on a

time-barred debt.  The Fourth Circuit in *Dubois* relied upon the broad

definition of "claim" in the Bankruptcy Code as well as the adequacy of the

provisions and procedures employed in bankruptcy in order to reject the

FDCPA claim.  *Id*. at 528-32.[24]  Subsequently, the Supreme Court in *Midland*

employed the same analysis.  Thus, rejection of the FDCPA claim under the

facts alleged here is consistent with both Supreme Court and Fourth Circuit

precedent.

Neither the Supreme Court nor the Fourth Circuit Court of Appeals

has held that FDCPA actions may never be brought in the context of a

bankruptcy,[25] and this Court does not so hold.  However, the Supreme Court's

decision in *Midland* leads this Court to find that the Complaint, which

involves issues related to the filing of a proof of claim in order to collect

payment of a debt that may be enforceable under state law, fails to state a

cause of action under the FDCPA.[26]  The Bankruptcy Code and Rules provide

---

[23] "We do not reach [the creditor's] argument that the Bankruptcy Code precludes
the FDCPA . . . ."  *Dubois v. Atlas Acquisitions LLC (In re Dubois)*, 834 F.3d 522, 533
n.11 (4th Cir. 2016).
[24] The Supreme Court in Midland cited *Dubois* as one of the "majority" of circuit
courts that had determined that the FDCPA had not been violated.  137 S. Ct. at
1411.
[25] The court in *Dubois* held that filing a proof of claim is debt collection activity
regulated by the FDCPA.  834 F.3d at 528.  The Supreme Court did not expressly so
hold in *Midland*.
[26] In light of the Court's decision to dismiss Count I, it need not determine the
validity of PRA's argument that the false misrepresentations alleged in the
Complaint do not amount to a "material" violation of the FDCPA.  Although

the appropriate and exclusive means to determine whether Claim 13-1

should be allowed and to address PRA's alleged intentional violations of Rule

3001(c). Therefore, the Court will grant PRA's Motion to Dismiss Count I of

the Complaint.[27]

*Count II-Violations of Bankruptcy Rule 3001*

Count II of the Complaint incorporates the same facts underlying

Count I but specifically seeks relief for PRA's violations of the requirements

of Bankruptcy Rule 3001.[28] First, the Debtor alleges that Claim 13-1 violates

---

[27] mischaracterizing interest as principal may, in some circumstances, not be material in the context of litigation between a debt collector and a consumer who is not in bankruptcy (*see e.g., Hahn v. Triumph P'ships LLC*, 557 F.3d 755 (7th Cir. 2009)), such mischaracterization in a bankruptcy case could have other more serious ramifications. *See Thomas v. Midland Funding, LLC (In re Thomas),* 578 B.R. 355, 360-62 (Bankr. W.D. Va. 2017) (denying motion to dismiss FDCPA claim). This Court shares the concerns expressed in *Thomas* but differs as to whether the available remedies extend beyond those provided under the Bankruptcy Code and Rules when the misrepresentations are limited to Rule 3001 violations such as those alleged in this case.

[27] Because the Court has determined that Count I should be dismissed pursuant to Rule 12(b)(6) for failure to state a claim under the FDCPA, it need not address PRA's Rule 12(b)(1) contention that Count I should be dismissed because the Debtor lacks constitutional standing to assert the FDCPA claims.

[28] Bankruptcy Rule 3001 provides, in pertinent part:

> **(a) Form and Content**. A proof of claim is a written statement setting forth a creditor's claim. A proof of claim shall conform substantially to the appropriate Official Form.
>
> . . .
>
> **(c) Supporting Information.**
>
> (1) Claim based on a writing
> Except for a claim governed by paragraph (3) of this subdivision, when a claim, or an interest in property of the debtor securing the claim, is based on a writing, a copy of the writing shall be filed with the proof of claim. If the writing has been lost or destroyed, a statement of the circumstances of the loss or destruction shall be filed with the claim.
> (2) Additional requirements in an individual debtor case: sanctions for failure to comply. In a case in which the debtor is an individual:

(A) If, in addition to its principal amount, a claim includes interest, fees, expenses, or other charges incurred before the petition was filed, an itemized statement of the interest, fees, expenses, or charges shall be filed with the proof of claim.

. . .

(D) If the holder of a claim fails to provide any information required by this subdivision (c), the court may, after notice and hearing, take either or both of the following actions:

> (i) preclude the holder from presenting the omitted information, in any form, as evidence in any contested matter or adversary proceeding in the case, unless the court determines that the failure was substantially justified or is harmless; or
>
> (ii) award other appropriate relief, including reasonable expenses and attorney's fees caused by the failure.

(3) Claim based on an open-end or revolving consumer credit agreement

> (A) When a claim is based on an open-end or revolving consumer credit agreement--except one for which a security interest is claimed in the debtor's real property--a statement shall be filed with the proof of claim, including all of the following information that applies to the account:
>
> > (i) the name of the entity from whom the creditor purchased the account;
> >
> > (ii) the name of the entity to whom the debt was owed at the time of an account holder's last transaction on the account;
> >
> > (iii) the date of an account holder's last transaction;
> >
> > (iv) the date of the last payment on the account; and
> >
> > (v) the date on which the account was charged to profit and loss.
>
> (B) On written request by a party in interest, the holder of a claim based on an open-end or revolving consumer credit agreement shall, within 30 days after the request is sent, provide the requesting party a copy of the writing specified in paragraph (1) of this subdivision.

**(d) Evidence of Perfection of Security Interest.** If a security interest in property of the debtor is claimed, the proof of claim shall be accompanied by evidence that the security interest has been perfected.

**(e) Transferred Claim.**

> **(1) Transfer of Claim Other Than for Security Before Proof Filed.** If a claim has been transferred other than for security before proof of the claim has been filed, the proof of claim may be filed only by the transferee or an indenture trustee.
>
> **(2) Transfer of Claim Other Than for Security After Proof Filed.** If a claim other than one based on a publicly traded note, bond, or debenture has been transferred other than for security after the proof of claim has

Rule 3001(a) because it does not conform substantially to the Official Form.[29]

Next, the Debtor alleges a violation of Rule 3001(c)(2) resulting from PRA's

failure to include an itemization of the interest, fees, expenses or charges.

Finally, the Debtor alleges that PRA's intent to not provide upon request,

along with its failure to provide, the writing underlying its proof of claim

violates Rule 3001(c)(3)(B).  For these violations, the Debtor seeks "an

appropriate remedy as determined by the Court," including attorneys' fees.

---

been filed, evidence of the transfer shall be filed by the transferee. The
clerk shall immediately notify the alleged transferor by mail of the filing
of the evidence of transfer and that objection thereto, if any, must be filed
within 21 days of the mailing of the notice or within any additional time
allowed by the court. If the alleged transferor files a timely objection and
the court finds, after notice and a hearing, that the claim has been
transferred other than for security, it shall enter an order substituting
the transferee for the transferor. If a timely objection is not filed by the
alleged transferor, the transferee shall be substituted for the transferor.
. . .

**(5) Service of Objection or Motion; Notice of Hearing.** A copy of an
objection filed pursuant to paragraph (2) or (4) or a motion filed pursuant
to paragraph (3) or (4) of this subdivision together with a notice of a
hearing shall be mailed or otherwise delivered to the transferor or
transferee, whichever is appropriate, at least 30 days prior to the hearing.

**(f) Evidentiary effect.** A proof of claim executed and filed in accordance
with these rules shall constitute prima facie evidence of the validity and
amount of the claim.

Fed. R. Bankr. P. 3001.

[29] It is apparent from Claim 13-1, which is attached to the Complaint as Exhibit A,
that the Debtor is referring to Official Form 10, *Proof of Claim*, of the Official and
Director's Bankruptcy Forms as the form to which PRA's claim must conform.  This
form has been revised and renumbered as Official Form B410.  *See Maddux v.
Midland Credit Mgmt., Inc.*, 567 B.R. 489, 501 n.10 (Bankr. E.D. Va. 2016).  The
Debtor contends that Claim 13-1 does not so conform because it does not disclose the
interest, fees, and expenses included in the claim.

In Count II, the Debtor also states that an "injunction remedy . . . is required."[30].

This Court has recently reviewed the requirements of Rule 3001(c)(2)(A) and the implications of a creditor's failure to follow them.  In *Maddux v. Midland Credit Management, Inc.*, 567 B.R. 489 (Bankr. E.D. Va. 2016), Midland had purchased a pool of charged-off credit card accounts from Synchrony Bank.  Midland, as assignee of Synchrony, filed proofs of claim for the outstanding balances but did not check the box on Official Form 10 to indicate that interest and other charges were included in the claim.  Itemized statements attached to the claims indicated $0.00 for interest, fees and costs.  No supporting documentation was attached to the claims.  After the debtors filed objections, Midland amended the claims by attaching supporting documentation but continued to assert that the amounts claimed did not include interest, fees or other costs.

In response to the amended claims, the debtors argued that the supporting documentation showed that the claims included an interest component and that Midland's own internal documents belied its representation that the claims included no interest or fees.  Therefore, the Debtors argued that the claims violated Rule 3001(c)(2)(A).  Midland

---

[30] The Complaint's Demand for Relief includes a request for "[s]uch other declaratory or injunctive relief as the Court may deem fair and equitable."  Dkt. 1, p. 16. Although Count II states that "[s]uch an injunction will serve the public interest of putting all creditors on notice as to how they must comply with Bankruptcy Rule 3001" (Dkt. 1, ¶ 76), it is unclear what acts of PRA the Debtor would have the Court enjoin.

maintained that because the interest and fees had been capitalized as new principal, it was not obligated to check the box stating that interest and fees were included.  Judge Huennekens rejected Midland's argument, finding that the plain language of Rule 3001(c)(2)(A) requires an itemized statement of interest and fees if the claim includes such charges, there being no exception for interest that may have been capitalized by the claimholder.[31]  Midland's assertion that the claims included no interest was incorrect; thus, the amended claims violated Rule 3001(c)(2)(A).

After conducting a trial, the Court held that Midland had proven the validity and amount of its claims[32] but then considered whether Midland's claims should be disallowed for failing to comply with Rule 3001(c)(2)(A).  The debtors argued that Midland had willfully filed false claims and that the Court should disallow the claims under 11 U.S.C. § 105.  The Court disagreed, finding that Midland did not willfully file false claims and was forthcoming with information in response to the debtor's objections.  The Court thus confined its choice of remedies to those set forth in Rule 3001(c)(2)(D).

---

[31] PRA has pointed out that some bankruptcy courts allow accrued interest to be included as principal for purposes of Rule 3001(c)(2)(A), although it brings this up in support of its motion to dismiss Count I and not for the purpose of asking the Court to reconsider *Maddux*.  S*ee, e.g., In re Osborne*, No. 03-25176, 2005 WL 6425053, at *5 (Bankr. D. Kan. April 25, 2005).  To avoid any doubt, the Court wholly ratifies the *Maddux* decision.

[32] The court held that Midland's failure to comply with Rule 3001(c)(2)(A) caused it to forfeit the presumption of validity normally afforded to a proof of claim.  567 B.R. at 495, citing *In re Varona*, 388 B.R. 705 (Bankr. E.D. Va. 2008).

Having determined that Midland's failure to itemize interest and fees was not "substantially justified or . . . harmless," the Court awarded reasonable expenses and attorneys' fees to the debtor.  The court elected not to impose the additional sanction of precluding the omitted evidence pursuant Rule 3001(c)(2)(D)(i) after finding that Midland had acted in good faith, determining that additional sanctions were not necessary to deter future noncompliance.  *Id*. at 500.

*Maddux* provides a roadmap for dealing with many of the issues addressed in Count II of the Complaint.  It establishes that filing a proof of claim and falsely reporting that no interest or fees are included in the balance violates Rule 3001(c)(2)(A) and may deprive the claimholder the benefit of *prima facie* validity of its claim.  It confirms that the failure to itemize interest and fees under Rule 3001(c)(2)(A) is not, in most instances, "substantially justified or . . . harmless."  Finally, it instructs that in the absence of bad faith or the willful filing of a false claim, the Court should, in most cases, confine itself to imposing the remedies specifically set forth in Rule 3001(c)(2)(D).

In this adversary proceeding, the Debtor is seeking disallowance of Claim 13-1[33] and has alleged violations of Rule 3001(c) no less egregious than

---

[33] The Debtor's Objection to Claim (Dkt. 1, Ex. C), which is attached as an exhibit to the Complaint, is currently pending in the Debtor's main case as a contested matter. Case No. 17-34385, Dkt. 28.  In addition to other relief, the Complaint seeks disallowance of "each individual claim" (Dkt. 1, p. 16), which necessarily incorporates a request to disallow Claim 13-1.  Rule 3001(c)(2)(D)(i) provides that

those for which this Court granted relief in *Maddux*.[34]  For these reasons, the

Court will deny PRA's motion to dismiss Count II of the Complaint, subject to

the following exception.

The Complaint seeks unspecified injunctive and declaratory relief in

addition to relief specified under Rule 3001(c)(2).  The Complaint is deficient

insofar as it fails to adequately plead sufficient facts to authorize the

injunctive and declaratory relief requested and fails to specify the nature and

extent of the injunctive and declaratory relief being sought.  Notwithstanding

the ability of the Court to award "other appropriate relief" pursuant to Rule

3001(c)(2)(D)(ii), PRA is entitled to notice of the grounds underlying the

Debtor's request for an injunction, the specific injunctive relief requested, and

the grounds for and specific declaratory relief the Debtor is seeking.  Similar

---

the creditor may be precluded from presenting the omitted information in "any
contested matter or adversary proceeding in the case."  This language clearly
contemplates the applicability of Rule 3001 to adversary proceedings that may be
initiated by a debtor.  In this adversary proceeding, Count II alleges facts that, if
true, would afford relief to the Debtor including, potentially, the disallowance of
Claim 13-1.  Pursuant to Bankruptcy Rule 9014(c), Bankruptcy Rule 7042 applies to
contested matters.  Rule 7042 permits the consolidation of actions before the court
involving a common question of law or fact.  Inasmuch as the Objection to Claim
13-1 and this adversary proceeding involve common questions of law and fact, the
Court will order consolidation of these matters.

[34] Recently, Chief Judge Connelly of the U.S. Bankruptcy Court for the Western
District of Virginia denied a motion to dismiss an adversary proceeding seeking
relief under Rule 3001 on facts nearly identical to this case.  In *Thomas v. Midland
Funding, LLC (In re Thomas)*, 592 B.R. 99, 109 (Bankr. W.D. Va. 2018), Chief Judge
Connelly stated that Rule 3001 "explicitly authorizes the Court to 'award other
appropriate relief, including reasonable expenses and attorney's fees caused by the
failure.'  For the Court to hold that a debtor has no right to the relief specifically
provided in Rule 3001 would require the Court to ignore the language in the Rule or
insert terms not present.  Regardless, at this stage, the issue before the Court is not
the merits of the action and whether to award the relief requested but merely
whether the amended complaint sufficiently pleads a claim under Rule 3001."

deficiencies were addressed in *Thomas v. Midland Funding, LLC (In re Thomas),* 578 B.R. 355, 365-66 (Bankr. W.D. Va. 2017), in which the court dismissed the underlying count in the complaint with leave to amend.  For the same reasons, the Court will dismiss, with leave to amend, the portion of Count II requesting injunctive and declaratory relief.

*Count III-Request for Relief Pursuant to 11 U.S.C.§ 105*

Having advanced his grounds for declaratory and injunctive relief, that PRA intentionally filed a proof of claim containing false statements for an improper purpose, the Debtor seeks to have the Court sanction PRA pursuant to 11 U.S.C. § 105.  Count III alleges that PRA is engaged in the "systemic practice before this Court of violating Rule 3001 and filing claims that contain false information."[35]

The Supreme Court has recognized a bankruptcy court's broad authority under 11 U.S.C. § 105(a) to take necessary or appropriate action "to prevent an abuse of process."  *Marrama v. Citizens Bank of Mass.*, 549 U.S. 365 (2007) (quoting 11 U.S.C. § 105(a)).[36]  This Court has previously acknowledged that "§ 105 may be used to sanction the filing of a proof of claim violative of the Bankruptcy Code and abusive of the bankruptcy

---

[35] Dkt. 1, ¶86.

[36] 11 U.S.C. § 105(a) provides: "The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process."

process, that is, as the federal criminal code aptly describes, a claim that is false or fraudulent." *In re Varona,* 388 B.R. 705, 717 (Bankr. E.D. Va. 2008)

Section 105 does not create a private right of action; it may, however, be invoked "'if the equitable remedy utilized is demonstrably necessary to preserve a right elsewhere provided in the Code,' so long as the court acts consistent with the Code and does not alter the Code's distribution of other substantive rights." *Bessette v. Avco Fin. Servs., Inc.,* 230 F.3d 439, 444-45 (1st Cir. 2000), quoting *Noonan v. Sec'y of Health & Human Servs. (In re Ludlow Hosp. Soc'y, Inc.),* 124 F.3d 22, 27 (1st Cir. 1997). In *Maddux,* Judge Huennekens considered imposing remedies under § 105 but chose not to do so after hearing the evidence at trial and determining that Midland did not willfully file false claims. 567 B.R. at 499.

Bankruptcy Rule 3001(c)(2)(D)(ii) authorizes the Court, in appropriate circumstances, to "award other appropriate relief." If the allegations of the Complaint are true, and at this stage the Court must assume that they are, "other appropriate relief" may warrant the invocation of § 105. The Court will not relinquish its authority to act under its provisions at this stage of the proceedings. For that reason, the Motion will be denied as to Count III of the Complaint.

**<u>Conclusion</u>**

For the foregoing reasons, the Motion is granted as to Count I. With respect to Count II, the Motion is granted in part as to the requests for declaratory and injunctive relief, with leave to the Debtor to amend, and denied in part, as to the remaining relief requested. The Motion is denied as to Count III.

Separate orders shall accompany this Memorandum.

Signed: March 28, 2019                    _____/s/ Keith L. Phillips_____
                                         United States Bankruptcy Judge

                                   ENTERED ON DOCKET: March 28, 2019

Copies:

David Anthony Derby
P O Box 120
Ladysmith, VA 22501

Thomas D. Domonoske
Consumer Litigation Associates
763 J. Clyde Morris Blvd, Suite 1-A
Newport News, VA 23601

Elizabeth Wilson Hanes
Consumer Litigation Associates, P.C.
763 J. Clyde Morris Boulevard, Ste. 1-A
Newport News, VA 23601

Mark C. Leffler
Boleman Law Firm, P.C.
P.O. Box 11588
Richmond, VA 23230

Dale W. Pittman
The Law Office of Dale W. Pittman, P.C.
112-A W. Tabb Street
Petersburg, VA 23803

Tyler P. Brown
Justin F. Paget
Hunton Andrews Kurth LLP
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219