UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

In re:

David Anthony Derby,                                Case No. 17-34385-KLP
                                                                     Chapter 13

           Debtor.

David Anthony Derby,
on behalf of himself and
others similarly situated,

           Plaintiff,

v.                                                               Adv. Pro. No. 18-03097-KLP

Portfolio Recovery Associates, LLC,

           Defendant.

## MEMORANDUM OPINION

Portfolio Recovery Associates, LLC ("PRA"), the defendant in this adversary proceeding and an unsecured creditor in the Debtor's chapter 13 bankruptcy case, has filed a motion (the "Motion") for leave to amend Claim No. 13-1 (the "Claim"). PRA filed the Claim on November 8, 2017, and the Debtor filed an objection to the Claim on April 10, 2018.

On October 1, 2018, the Debtor filed the complaint (the "Complaint") initiating this adversary proceeding, arguing that PRA, in filing the Claim, failed to comply with Bankruptcy Rule 3001, Fed. R. Bankr. P. 3001. The Debtor seeks various forms of relief for PRA's alleged breach of Rule 3001. On March

28, 2019, this Court entered an order consolidating the Debtor's objection to the Claim with this adversary proceeding.

In the Motion, PRA asks not only that it be allowed to amend the Claim but also that the Court find that its proposed amended claim "satisfies the itemization requirement of Rule 3001(c)(2)(A), as interpreted by Judge Huennekens of this Court" in *In re Maddux*.[1] The proposed amended claim (the "Proposed Amended Claim") is attached to the Motion as Exhibit B. The Debtor opposes the Motion.

A creditor does not have an absolute right to amend a claim, and the decision whether to permit an amendment lies "within the sound discretion of the Court." *In re Devey*, 590 B.R. 706, 727 (Bankr. D.S.C. 2018). This Court has noted that "courts have generally allowed amendment, after the bar date has passed, of a timely-filed proof of claim to cure a defect in the claim as filed or to describe the claim with greater particularity, so long as the amendment will not cause undue prejudice to the debtor or to other creditors. But a different result obtains when the late-filed amendment will prejudice administration of the estate." *In re Ayres-Haley*, No. 07-10314-SSM, 2008 WL 163580, at *3 (Bankr. E.D. Va. Jan. 16, 2008) (citations omitted). Other grounds to deny a request to amend a claim include undue prejudice to an opposing party, undue delay, and bad faith. *In re Devey*, 590 B.R. at 727.[2]

---

[1] No. 15-33574-KRH (Bankr. E.D. Va.).
[2] The court in *Devey* enumerated cases in which courts have addressed whether a creditor should be allowed to amend a proof of claim, 590 B.R. at 727, as did this Court in *Ayres-Haley*, 2008 WL 163580, at *3.

2

The Debtor does not contend that the proposed amendment will negatively impact the administration of the Debtor's chapter 13 plan or otherwise trigger the grounds for denial described in *Devey* and *Ayres-Haley*. Rather, the Debtor opposes the Motion because of PRA's request that the Court find the Proposed Amended Claim to be in compliance with Rule 3001(c)(2)(A), which requires that a proof of claim be accompanied by an itemized statement of interest, fees, expenses and other charges included in the claim.[3]

---

[3] Rule 3001(c) provides:
   (c) Supporting information
      (1) Claim based on a writing
      Except for a claim governed by paragraph (3) of this subdivision, when a claim, or an interest in property of the debtor securing the claim, is based on a writing, a copy of the writing shall be filed with the proof of claim. If the writing has been lost or destroyed, a statement of the circumstances of the loss or destruction shall be filed with the claim.
      (2) Additional requirements in an individual debtor case: sanctions for failure to comply
      In a case in which the debtor is an individual:
          (A) If, in addition to its principal amount, a claim includes interest, fees, expenses, or other charges incurred before the petition was filed, an itemized statement of the interest, fees, expenses, or charges shall be filed with the proof of claim.
          (B) If a security interest is claimed in the debtor's property, a statement of the amount necessary to cure any default as of the date of the petition shall be filed with the proof of claim.
          (C) If a security interest is claimed in property that is the debtor's principal residence, the attachment prescribed by the appropriate Official Form shall be filed with the proof of claim. If an escrow account has been established in connection with the claim, an escrow account statement prepared as of the date the petition was filed and in a form consistent with applicable nonbankruptcy law shall be filed with the attachment to the proof of claim.
          (D) If the holder of a claim fails to provide any information required by this subdivision (c), the court may, after notice and hearing, take either or both of the following actions:
              (i) preclude the holder from presenting the omitted information, in any form, as evidence in any contested matter or adversary proceeding in the case, unless the court determines that the failure was substantially justified or is harmless; or
              (ii) award other appropriate relief, including reasonable expenses and attorney's fees caused by the failure.
      (3) Claim based on an open-end or revolving consumer credit agreement
          (A) When a claim is based on an open-end or revolving consumer credit agreement--except one for which a security interest is claimed in the debtor's real

The Debtor argues that the Proposed Amended Claim fails to comply with Rule 3001(c)(2)(A) because its itemized statement includes only interest, fees, expenses, and other charges that were incurred on the last statement issued by the original creditor before the filing of the bankruptcy petition.[4]  The Debtor disputes PRA's interpretation of this Court's previous rulings, maintaining that the Court has held, without exception, that the itemization required by Rule 3001(c)(2)(A) must list all interest and fees included in the claim amount from the inception of the account.

The issue now before the Court involves the interpretation of Judge Huennekens's opinion in *Maddux v. Midland Credit Mgmt., Inc. (In re Maddux)*, 567 B.R. 489 (Bankr. E.D. Va. 2016), and, more specifically, his February 16, 2017, supplemental order in that case (the "*Maddux Supplemental Order*").[5]  The 2016 *Maddux* decision held that a proof of claim for credit card debt does not comply with Bankruptcy Rule 3001 if it does not disclose that the claim includes previously accrued interest and fees.  In that case, Judge Huennekens found that the creditor's proof of claim did not comply with Rule 3001(c)(2)(A) because

---

property--a statement shall be filed with the proof of claim, including all of the following information that applies to the account:
    (i) the name of the entity from whom the creditor purchased the account;
    (ii) the name of the entity to whom the debt was owed at the time of an account holder's last transaction on the account;
    (iii) the date of an account holder's last transaction;
    (iv) the date of the last payment on the account; and
    (v) the date on which the account was charged to profit and loss.
(B) On written request by a party in interest, the holder of a claim based on an open-end or revolving consumer credit agreement shall, within 30 days after the request is sent, provide the requesting party a copy of the writing specified in paragraph (1) of this subdivision.

[4] PRA acquired this credit card account from Capital One Bank, N.A.
[5] *In re Maddux*, No. 15-33574-KRH, Dkt. 153.

the creditor had "not check[ed] the box on Official Form 10 that would indicate the claim included interest or other charges" and had also stated "there was $0.00 'Interest Due,' $0.00 'Fees,' and $0.00 'Costs,'" when such charges were in fact included in the claim amount.[6] The *Maddux Supplemental Order* was issued, in part, in response to the parties' request for clarification of what constitutes an acceptable form of itemization under Rule 3001(c)(2)(A).

In this adversary proceeding, the Court already acknowledged *Maddux* as correctly decided, relying upon it to deny PRA's motion to dismiss Count II of the Complaint ("*Derby I*"). Count II alleged violations of Rule 3001 similar to the violations that Judge Huennekens addressed in *Maddux*.[7] Adopting Judge Huennekens' reasoning, this Court, in *Derby I*, rejected PRA's assertion that a purchaser of a "charged-off" account need not itemize interest or charges when it has not added such amounts after acquiring the account.

The Debtor, however, maintains that *Maddux* and *Derby I* do not simply reject the debt purchasers' contention that they must itemize interest and charges only if they are added after acquiring the account; the Debtor insists that those cases explicitly hold that the itemization required by Rule 3001 must incorporate interest and fees capitalized from the inception of the account forward. Neither *Maddux* nor *Derby I* so holds.

---

[6] 567 B.R. at 498.
[7] Memorandum Opinion and Order, Dkt. 23 and 25. The Court stated in *Derby I* that "[t]o avoid any doubt, the Court wholly ratifies the Maddux decision." Dkt. 23, at 20 n.31.

5

In the *Maddux Supplemental Order*, Judge Huennekens stated that "an appropriate itemization that satisfies Bankruptcy Rule 3001(c)(2)(A) should be presented by providing a claim breakdown similar to the form of proof[s] of claim" filed by Midland Funding, LLC ("Midland") in two 2016 cases before this Court.[8] The proofs of claim in those two cases were accompanied by the most recent account statements upon which the itemizations were based. As such, Judge Huennekens found that to satisfy Rule 3001(c)(2)(A), a proof of claim on an open-end or revolving consumer credit agreement must include a breakdown of principal, interest, fees or finance charges only so far as those items were reflected on the account statement attached to the claim. Judge Huennekens made no distinction between claims in which interest and other charges had been capitalized in previous account statements and those in which no such capitalization had taken place.

The examples of acceptable itemizations attached to proofs of claim that were included as exhibits to the *Maddux Supplemental Order* were based solely on the most recent prepetition account statements. PRA's Proposed Amended Claim is consistent with at least one of these examples. Therefore, the Proposed Amended Claim is acceptable under *Maddux* and the *Maddux Supplemental Order*.

Rule 3001(c)(2)(A) does not prescribe how many account statements from the charged-off open-end consumer credit account a creditor needs to include or

---

[8] *Maddux Supplemental Order*, Dkt. 153, at 3-4, referencing *In re McCombs*, Case No. 16-34390-KRH (Bankr. E.D. Va.*); In re Britt*, Case No. 16-32732-KLP (Bankr. E.D. Va.).

incorporate in order to create an "itemized statement" of interest, fees, and expenses. In the *Maddux Supplemental Order*, Judge Huennekens found that Midland's amended claim, which included only the most recent account statement with an ending balance that matched the amount stated on the claim, complied with Rule 3001(c)(2)(A). At the hearing prior to the issuance of the *Maddux Supplemental Order*, Judge Huennekens noted that the issue of whether to allow the itemization to be based solely on the most recent statement was similar to the law of accounts, under which "when you get the account statement, the account statement is presumed to be valid unless there is an objection raised within a reasonable period of time."[9] This presumption of validity should also hold true in the context of a proof of claim in bankruptcy, where claims are specifically deemed to be allowed unless a party objects. *See* 11 U.S.C. § 502(a).

Other courts have adopted similar reasoning to conclude that the itemization requirement of Rule 3001(c)(2)(A) should not be, and was not intended to be, as onerous as the Debtor proposes. *See, e.g., In re Orozco*, No. 2:13-bk-15745-NB, 2017 WL 3126797, at *6 (Bankr. C.D. Cal. July 21, 2017)

---

[9] 15-33574-KRH, Tr. 22; 13-16. Dkt. 151. The "law of account stated" is found in the Restatement of Contracts, § 282:
> (1) An account stated is a manifestation of assent by debtor and creditor to a stated sum as an accurate computation of an amount due the creditor. A party's retention without objection for an unreasonably long time of a statement of account rendered by the other party is a manifestation of assent.
> (2) The account stated does not itself discharge any duty but is an admission by each party of the facts asserted and a promise by the debtor to pay according to its terms.

Restatement (Second) of Contracts ch. 12, topic 2 § 282. *See Capital One Bank (USA), N.A. v. Denboer*, 791 N.W.2d 264 (Iowa Ct. App. 2010), in which the court listed cases in which this concept has been employed with respect to credit cards and examined the concept in depth. *See infra* note 11 infra and accompanying text.

("For example, under applicable nonbankruptcy law consumers typically have only a short period of time in which to contest the charges on monthly statements, so old statements generally would be irrelevant and would not constitute 'the writing' on which the claim 'is based.'"); *White v. McDermott (In re White)*, 535 B.R. 749, 758 (Bankr. E.D. Mich. 2015) (holding that creditor did not fail to comply with Rule 3001(c)(2)(A) because debtors had "received accountings of their debt up until they filed their bankruptcy petition."); *In re Kennedy*, 568 B.R. 367 (Bankr. D. Kan. 2017) (finding that the creditor did not fail to comply with Rule 3001(c)(2)(A) despite including only limited account information in its proof of claim).

Representatives of bulk purchasers of credit card debt objected to a 2009 proposed amendment to Rule 3001(c) that would have "required the holder of a claim based on an open-end or revolving consumer credit agreement to attach to its proof of claim the last account statement sent to the debtor prior to the commencement of the bankruptcy case,"[10] pointing out that "under federal record retention policies for financial institutions, credit card account records generally need to be retained for only two years."[11] In its report to the Standing

---

[10] Report of the Advisory Committee on Bankruptcy Rules to the Standing Committee on Rules of Practice and Procedure, at 17 (May 27, 2010), available at: https://www.uscourts.gov/sites/default/files/fr_import/BK05-2010.pdf (last visited June 17, 2019).
[11] *Id*. The Court here does not opine upon the applicability of the various federal record retention statutes and regulations to the case at bar, but notes that §1666 of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1666, contains a temporal limitation on a debtor's right to challenge certain billing errors. In addition, 12 C.F.R. § 226.25, promulgated under TILA, provides that a creditor must retain evidence of its compliance with TILA for only two years after a TILA disclosure is required to be made. The existence of such temporal restrictions does not support the position urged by the Debtor that Rule 3001 disclosure must incorporate interest and fees capitalized from the inception of the account forward.

8

Rules Committee, the Bankruptcy Advisory Committee stated that it had "voted to withdraw the proposal for the attachment of the last account statement and in its place to recommend for publication [a] new subdivision (c)(3)," as it had concluded that "the rule should not require the attachment of information that is frequently unavailable or impracticable to obtain. . . ."[12]  In light of this history, the Court cannot conclude that Rule 3001(c)(2)(A) was intended to require a proof of claim to incorporate data from records no longer retained under lawful retention policies.

Before approving the form of the proofs of claims attached to the *Maddux Supplemental Order*, Judge Huennekens considered the extensive record before him, bearing in mind the necessity of maintaining a fair and efficient bankruptcy system.  In doing so, he weighed the need to provide a debtor or trustee the information necessary to assess the validity of a claim against the harm of imposing unnecessary and undue burdens upon creditors.  He properly concluded that a creditor holding a claim based on an open-end or revolving consumer credit agreement need not incorporate the debtor's entire account history in order to comply with Rule 3001(c)(2)(A), so long as the creditor's proof of claim includes a claim breakdown of principal, interest, fees, or finance charges reflected on the most recent account statement attached to the claim.

---

[12] *Id*.  The new subdivision (c)(3) proposed was essentially the same the current version of Rule 3001(c)(3)(A).

The Proposed Amended Claim conforms to the criteria laid out by Judge Huennekens in the *Maddux Supplemental Order*.  Accordingly, the Motion will be granted and PRA will be authorized to file the Proposed Amended Claim.

A separate order shall be issued.

Signed: July 1, 2019                                          /s/ Keith L. Phillips
                                                     United States Bankruptcy Judge

ENTERED ON DOKCET: July 1 2019

Copies:

Thomas D. Domonoske
Elizabeth Wilson Hanes
Consumer Litigation Associates
763 J. Clyde Morris Blvd, Suite 1-A
Newport News, VA 23601

Mark C. Leffler
Emily Connor Kennedy
Boleman Law Firm, P.C.
P.O. Box 11588
Richmond, VA 23230

Justin F. Paget
Hunton Andrews Kurth LLP
951 E. Byrd Street
Richmond, VA 23219