**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

| | |
|---|---|
| In re: David Anthony Derby, <br>     Debtor, | Case No. 17-34385-KLP <br> Chapter 13 |
| David Anthony Derby, <br>     Plaintiff, | |
| v. | Adv. Pro. No. 18-03097-KLP |
| Portfolio Recovery Associates, LLC, <br>     Defendant. | |

## MEMORANDUM OPINION

Before the Court is the amended fee application submitted by counsel for the plaintiff, debtor David Anthony Derby, pursuant to instructions issued by the Court in an order dated March 31, 2020. The defendant, Portfolio Recovery Associates, LLC, has objected to the application.

### JURISDICTION

The Court has subject matter jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 157 and 1334 and the General Order of Reference of the U.S. District Court for the Eastern District of Virginia dated August 15, 1984. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A),(B), and (C).

### BACKGROUND

On August 31, 2017, David Anthony Derby (the "Debtor") filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code. Along with the petition, the Debtor filed schedules and a statement of financial affairs. Schedule

1

E/F lists the Debtor's unsecured debts, including a debt owed to Capital One Bank, N.A. ("Capital One") in the amount of $679.00.

After the bankruptcy filing, Capital One sold the debt to the Defendant, Portfolio Recovery Associates, LLC ("PRA" or the "Defendant"). PRA timely filed a proof of claim ("Claim 13-1"), asserting an unsecured claim in the amount of $788.53. PRA stated in an attachment to Claim 13-1 that the claim was comprised entirely of principal.

On April 10, 2018, the Debtor filed an objection to Claim 13-1 (the "Claim Objection"), and on October 1, 2018, the Debtor filed the complaint (the "Complaint") commencing this adversary proceeding. In the Complaint, the Debtor alleged that PRA, in filing Claim 13-1, failed to comply with Rule 3001 of the Federal Rules of Bankruptcy Procedure, Fed. R. Bankr. P. 3001 ("Rule 3001"). The Debtor also asserted a claim under the Fair Debt Collection Practices Act ("FDCPA"). In addition, the Debtor sought class certification and to be appointed class representative on behalf of similarly situated debtors in the Eastern District of Virginia.

On November 2, 2018, PRA filed a motion to dismiss the Complaint (the "Motion to Dismiss"). On March 28, 2019, the Court issued a memorandum opinion with an accompanying order granting the Motion to Dismiss as to the Debtor's FDCPA allegations, denying PRA's request to dismiss the Rule 3001 violations, and granting the Motion to Dismiss as to the Debtor's request for declaratory and injunctive relief with partial leave to amend. The Court's order preserved the

ability of the Court to award fees and costs pursuant to 11 U.S.C. § 105. The Court also ordered that trial of the adversary proceeding be combined with the Claim Objection.

On February 8, 2019, PRA filed a motion in the Debtor's case, Case No. 17-34385-KLP, seeking an award of Rule 9011 sanctions (the "Sanctions Motion") against the Debtor due to the Debtor's having filed the Claim Objection. The parties did not pursue the Sanctions Motion until after the entry of a stipulated settlement of the substantive issues of this adversary proceeding.

On April 10, 2019, the Debtor filed an amended complaint (the "Amended Complaint") seeking more specific declaratory and injunctive relief. PRA answered the Amended Complaint and thereafter sought leave to amend Claim 13-1, utilizing a proof of claim form it contended complied with Rule 3001. The Debtor opposed PRA's request to amend its proof of claim, contending that PRA's revised form for filing its proofs of claim failed to comply with the requirements of Rule 3001.

On July 1, 2019, the Court ruled that PRA's revised proof of claim form complied with Rule 3001(c) as set forth in the Court's earlier decision in *Maddux v. Midland Credit Mgmt., Inc. (In re Maddux)*, 567 B.R. 489 (Bankr. E.D. Va. 2016). On July 2, 2019, PRA filed an amended claim, claim 13-2 ("Claim 13-2"). PRA subsequently filed a motion to strike the class allegations in the Amended Complaint, and the Court denied that motion without prejudice. The parties thereafter engaged in settlement discussions.

On October 21, 2019, the Court entered a Stipulation and Consent Order Regarding Debtor's Objection to Claim 13-1 and Amended Complaint (the "Stipulation" or the "Settlement"). The Stipulation memorialized the parties' settlement of the claims asserted by the Debtor in the Amended Complaint and the Claim Objection and included the following agreed statements: (1) Claim 13-1 did not comply with Bankruptcy Rule 3001(c)(2)(A) as interpreted in *In re Maddux* and Claim 13-2 contains an itemization of previously accrued interest and/or fees that is in compliance with Rule 3001(c)(2)(A) as interpreted by the Court in its Memorandum Opinion entered on July 1, 2019; (2) PRA agreed that any proofs of claim it files in the Eastern District of Virginia for charged-off credit cards accounts will be substantially in the form of Claim 13-2 or otherwise in compliance with Rule 3001; and (3) PRA agreed that it will amend (or withdraw) certain other, previously filed proofs of claim as necessary to bring them in compliance with Rule 3001. In addition, the Stipulation provided that "Debtor's counsel may file an application for allowance of fees and/or expenses and the Court may award fees or expenses to the extent appropriate under Rule 3001(c)(2)(D) and/or 11 U.S.C. § 105 after notice and a hearing pursuant to Rule 2002. The Defendant reserves all of its rights to oppose the reasonableness of the fees and expenses requested in any application for allowance of fees and/or expenses."[1] The Stipulation provided that after payment was delivered to Debtor's counsel upon any amounts awarded by the Court on such a fee application, and after the Court ruled on the Sanctions Motion, the Debtor

---

[1] Stipulation, p.4 (Dkt. 66).

would dismiss the Amended Complaint with prejudice, including the Claim Objection.

On November 27, 2019, the Debtor filed Debtor's Counsel's Application for Approval of Attorneys' Fees and Expenses (the "Fee Application") seeking approval of "reasonable compensation for services rendered by his counsel in reviewing and objecting to the claim of Portfolio Recovery Associates, LLC ("PRA") . . . and in pursuing litigation against PRA related to its claim."[2] PRA objected to the Fee Application.

The Debtor's total request for fees and costs was for $171,017.10 in fees and $42.00 in expenses and was supported by declarations of counsel and by exhibits containing itemizations of time expended, hourly rates, and expenses incurred. The Debtor declared that the amount reflected a voluntary reduction of $16,399.90.

PRA opposed the Fee Application, claiming that no exception to the American Rule, which requires each party to bear its own fees and expenses, was applicable to this case, thus limiting allowable attorney's fees to those that "satisfy the 'causation' requirement of Rule 3001(c)(2)(D)(ii)."[3] PRA also contended that Bankruptcy Code § 105(a) does not provide authority for awarding attorney's fees in this case because the Debtor failed to demonstrate PRA's bad faith or violation of any court order. PRA further argued that the Debtor's lack of success in connection with its FDCPA claim constituted grounds for disallowing any fees related to that claim, despite the

---

[2] Fee Application, p.1 (Dkt. 73). The Fee Application was docketed in both the Debtor's main case at Dkt. 66 as well as in this adversary proceeding.

[3] PRA's Objection to Debtor's Counsel's Application for Approval of Attorneys' Fees and Expenses, Dkt. 74 p.3.

Debtor's contention that such fees should be allowed because they arise from matters interrelated to the Rule 3001(c) violation.

Alternatively, PRA contended that even if the Court determined that PRA should be sanctioned under Rule 3001(c)(2)(D)(ii), the amount of fees requested was unreasonable when compared to the results obtained. PRA argued that the Debtor's rejection of PRA's efforts to resolve issues related to its proof of claim form prior to filing the adversary proceeding should be considered a factor when analyzing the reasonableness of the fee request. PRA did not challenge the hourly rates or individual time entries as being unreasonable, but it pointed to an unnecessary duplication of efforts resulting from the Debtor's retention of three separate law firms.

On March 31, 2020, the Court entered its order (the "Order") denying the Sanctions Motion and directing Debtor to submit a revised fee application in accordance with the guidelines of its accompanying memorandum opinion (the "Memorandum Opinion"). In the Memorandum Opinion, the Court instructed that the revised fee application should exclude amounts incurred solely in connection with the Debtor's FDCPA claim and include only those fees attributable to the Rule 3001(c) violation. The Court, noting the Debtor's decision to retain three different law firms, also indicated in the Memorandum Opinion that it would address excess charges attributable to the parallel efforts of multiple attorneys. Under the Court's ruling, neither the attorneys' hourly rates nor the individual time entries for a particular task, to the extent they do not involve duplication, remained at issue.

DISCUSSION

The Debtor's attorneys have submitted a revised fee application (the "Revised Fee Application"), seeking a total award of $152,585.25, which includes costs in the amount of $42.00. The Revised Fee Application is accompanied by declarations of the Debtor's attorneys contending that it no longer contains charges related solely to the FDCPA claim. According to the Debtor, the amount currently requested also excludes the portion of combined charges attributable to the FDCPA claim. The Debtor further states that the amount sought includes a 10% reduction in total hours, which the Debtor maintains adequately accounts for any duplication of efforts.

PRA has filed a supplemental objection (the "Supplemental Objection") to the Revised Fee Application, contending that the reduction amounts to "only about 10% less attorney fees than what he originally requested," an amount PRA claims fails to fully eliminate charges attributable to the FDCPA claim and does not take into consideration the "limited relief" ultimately obtained by the Debtor in the adversary proceeding. In the Supplemental Objection, PRA maintains that if the Court were to eliminate all time entries that indicate on their face that they concern the FDCPA claim, apply a 50% reduction for time entries that combine the FDCPA claim in addition to other work, apply a further reduction of 50% "because a substantial amount of work performed apart from pursuing the FDCPA claim does not satisfy the causation requirement of Rule 3001(c)(2)(D)(ii)," and apply a 10%

further reduction to account for duplication of effort, "the Court should award, at most, $63,741.05."[4]

The Court has reviewed the Revised Fee Application, the declarations accompanying it, and the Supplemental Objection. In the March 31 Memorandum Opinion and Order, the Court stated its intention to award reasonable fees incurred by the Debtor for work related to the Rule 3001 violation but to award no fees related to the unsuccessful FDCPA claim.

The Court will not revisit its prior rulings nor will it examine the Revised Fee Application as though the parties had litigated the underlying adversary proceeding to conclusion rather than settling it, despite PRA's contention that the Debtor obtained only "limited" relief. The Settlement does not address the merits of each facet of the Amended Complaint nor does it provide the Court with insight as to each party's reasons for agreeing to it. Nevertheless, the Settlement reflects success on the part of the Debtor in connection with the Rule 3001 violation and supports an award of reasonable fees. That being said, the Revised Fee Application falls short of the Court's expectations.

In the initial Fee Application, the attorneys for the Debtor chose to combine, rather than separate, their time entries for the various counts of the Complaint and Amended Complaint. The Debtor's belated attempt to separate these entries makes it difficult to distinguish between the amount of time spent on the FDCPA

---

[4] Objection of Portfolio Recovery Associates, LLC to Debtor's Counsel's Amended Application for Approval of Attorneys' Fees and Expenses (Dkt. 86).

claim as opposed to the time that otherwise would have been expended had the Debtor pursued only the Rule 3001 claims. Yet, given the extensive time and effort the Debtor devoted to the FDCPA claim, the Debtor's "culling" of hours attributable to the FDCPA claim is wholly inadequate. The Court finds that the Revised Fee Application continues to include a substantial amount of attorney's fees attributable solely to the FDCPA claim.

The Court is also troubled by the extensive travel time that remains in the Revised Fee Application. The Boleman Law Firm, which represented the Debtor in its underlying bankruptcy case and this adversary proceeding, maintains an office in Richmond, where the bankruptcy case and the adversary proceeding were filed; however, the firm charged its regular hourly rates for attorneys to travel to Richmond from offices located in another Division of the Court.

The law firm that concentrated most of its efforts in pursuing the FDCPA claim is Consumer Litigation Associates, P.C. ("CLA"). CLA attorneys employed in this case list their address as 763 J. Clyde Morris Blvd., Suite 1A, Newport News, VA . There is some question as to where the individual CLA attorneys were based or where their travels to Richmond originated. However, it appears that any travel by attorney Thomas Domonoske to and from Richmond originated and concluded outside the Richmond Division of the Eastern District of Virginia. The firm charged its regular hourly rates for his travel time. The Court is of the opinion that awarding travel time at his full hourly rate is not appropriate in this case.

9

In its previous Order and Memorandum Opinion, the Court ruled that it would award "reasonable attorney's fees and expenses in connection with PRA's failure to comply with Rule 3001(c)." In objecting to the reasonableness of the requested fees, PRA submits that the remaining time entries that overlap with the FDCPA claim should be reduced by 50%. PRA seeks a further reduction of 50% of the remaining attorney's fee claim, arguing that the Debtor only obtained limited success and was therefore not the prevailing party as to certain relief sought.

To be clear, the Court finds that the Debtor was the prevailing party, having obtained significant relief. *See Hensley v. Eckerhart*, 461 U.S. 424, 440 (1983). Although the Debtor did not prevail on his FDCPA claim, the adversary proceeding and the Settlement resulted in the cessation of PRA's filing proofs of claim that violated Rule 3001. Therefore, a further reduction in fees based on the Debtor's having achieved only "partial or limited success" after eliminating amounts attributable to the failed FDCPA count is not warranted.

The Court also rejects PRA's contention that the remaining time entries in the Revised Fee Application "that overlap with the FDCPA claim" should be reduced by 50%. Such a reduction is not called for in light of the Debtor's revisions.

Nevertheless, a further reduction in the attorney's fee award is appropriate for the reasons expressed above and in the Memorandum Opinion. The Debtor submits that its current fee request of $152,543.25 reflects the elimination of fees attributable to the failed FDCPA claim and incorporates an additional 10% reduction resulting from the duplication of efforts among the three law firms

10

representing the Debtor. The Court finds that a further reduction of 25% is required in order to address the inadequate culling of time attributable to the FDCPA claim and the excessive charges related to travel. Accordingly, the Court awards attorney's fees in the amount of $114,407.44 and costs in the amount of $42.00.

    A separate order shall be issued.

Signed: September 29, 2020             /s/ Keith L. Phillips
                                                      United States Bankruptcy Judge

ENTERED ON DOCKET: Sep 29, 2020

Copies:

Thomas D. Domonoske
Elizabeth Wilson Hanes
Consumer Litigation Associates, P.C.
763 J. Clyde Morris Blvd, Suite 1-A
Newport News, VA 23601

Mark C. Leffler
Emily Connor Kennedy
Boleman Law Firm, P.C.
P.O. Box 11588
Richmond, VA 23230

Dale W. Pittman, Esq.
The Law Office of Dale W. Pittman, P.C.
The Eliza Spotswood House
112-A West Tabb Street
Petersburg, VA 23803

Justin F. Paget
Hunton Andrews Kurth LLP
951 E. Byrd Street
Richmond, VA 23219

Carl M. Bates, Esquire
Chapter 13 Trustee

P.O. Box 1819
Richmond, VA 23218

David Anthony Derby
18277 Democracy Avenue
Ruther Glen, VA 22546